J. TED DONOVAN, ESQ. (JTD-1343)
FINKEL GOLDSTEIN ROSENBLOOM & NASH, LLP
Attorneys for the Trustee
26 Broadway, Suite 711
New York, New York 10004
(212) 344-2929

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                              Chapter 7

EXECUTIVE CAMERA ENTERPRISES, INC.                                  Case No. 103-18488-353

                                    Debtor.

------------------------------------------------------------x

PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                                    Plaintiff,

        - against-                                                  Adv. Pro. No.:

SAM ANZAROOT,

                                    Defendant.

------------------------------------------------------------x

## COMPLAINT

Paul I. Krohn, the plaintiff herein (the "Trustee" or "Plaintiff"), in his capacity as Chapter 7 trustee of the estate of Executive Camera Enterprises, Inc. (the "Debtor"), by his attorneys, Finkel Goldstein Rosenbloom & Nash, LLP, as and for his complaint herein, respectfully sets forth and represents:

## INTRODUCTION

1.      On June 26, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Upon motion of the United States Trustee, by order dated August 14, 2003 (the "Conversion Date"), this case was converted to a chapter 7 liquidation. Paul I. Krohn was subsequently appointed interim trustee of this estate. Mr. Krohn has since qualified as permanent trustee, and he is currently acting in that capacity.

## JURISDICTION AND VENUE

2.      This adversary proceeding is brought pursuant to 11 U.S.C. §§ 544, 547, 548, and 550, §§ 273, 274, 275 and 276 of the New York Debtor and Creditor Law, and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") in order to obtain a judgment against Sam Anzaroot (the "Defendant"), for the avoidance and recovery of certain preferential transfers and/or fraudulent conveyances.

3.      This Court has jurisdiction over this adversary proceeding by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court.

4.      This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), and (H).

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1409(a) because this proceeding arises in a case under the Bankruptcy Code pending in this district.

## THE PARTIES

6. The Trustee is a member of the panel of private trustees established by the United States Trustee pursuant to 28 U.S.C. § 586. The Trustee maintains offices at Paul I. Krohn, Esq., 40 Clinton Street, Apt. 1G, Brooklyn, New York 11201.

7. The Debtor was a privately held New York corporation having principal places of business located at 673 Coney Island Avenue, Brooklyn, New York. Prior to the Conversion Date, the Debtor was a consumer camera store.

8. Upon information and belief, the Defendant, an individual, is a relative of Isaac Anzaroot, the president and sole shareholder of the Debtor. As such, the Defendant is an insider of the Debtor.

## AS AND FOR A FIRST CAUSE OF ACTION
(11 U.S.C. §§ 547 and 550)

9. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 8 above, as if fully set forth herein.

10. During the one year prior to the Petition Date, the Debtor made certain transfers of money and/or property directly or indirectly to or for the benefit of the Defendant, including payments of the Defendant's home mortgage, credit cards, car loan and other personal debts, totaling not less than $4,528.65 (the "Voidable Transfers").

11. Upon information and belief the Voidable Transfers were made to or for the benefit of Defendant, a creditor of the Debtor.

12. Upon information and belief the Voidable Transfers were on account of an antecedent debt owed by the Debtor to the Defendant before the Voidable Transfers were made.

13. The Voidable Transfers were made while the Debtor was insolvent.

14. The Voidable Transfers enabled Defendant to recover more than he would have received if: (i) the case was a case under Chapter 7, (ii) the Voidable Transfers had not been made, and (iii) the Defendant received payment of his debt to the extent provided by the provisions of the Bankruptcy Code.

15. By reason of the foregoing, the Voidable Transfers should be avoided and set aside as preferential, and the money transferred should be returned to the Debtor's estate, pursuant to Section 547 of the Bankruptcy Code.

16. The Trustee is entitled judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Voidable Transfers in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### (Actual Fraud -11 U.S.C. §§ 548(a)(1)(A) and 550)

17. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above, as if fully set forth at length herein.

18. Upon information and belief, the Debtor's books and records do not reference any outstanding debt owed by the Defendant to the Debtor, and it appears that the Debtor received no consideration in exchange for the Voidable Transfers.

19. To the extent that the Voidable Transfers: (i) are not supported by invoices from the Defendant, (ii) were not memorialized in writing, (iii) were not the result of arms-length transactions, and (iv) did not result in any benefit to the Debtor, the Trustee asserts that such Voidable Transfers are fraudulent, and may be recovered for the benefit of the Debtor's estate and its creditors.

20. Furthermore, upon information and belief, the Voidable Transfers were made with actual intent to hinder, delay, or defraud creditors of the Debtor.

21. For all of the foregoing reasons, the Voidable Transfers should be avoided and set aside as actually fraudulent and the money transferred should be returned to the Debtor's bankruptcy estate pursuant to Sections 548(a)(1)(A) of the Bankruptcy Code.

22. The Trustee is entitled to a judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Voidable Transfers in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Fraudulent Conveyances -
Constructive Fraud - 11 U.S.C. §§ 548(a)(1)(B) and 550)

23. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 22 above, as if fully set forth at length herein.

24. Upon information and belief, the Debtor received less than reasonably equivalent value in exchange for the Voidable Transfers.

25. The Voidable Transfers were made while the Debtor was insolvent, or the Debtor was rendered insolvent by the making of the Voidable Transfers.

26. At the time the Voidable Transfers were made, the Debtor was engaged in business or a transaction for which the property remaining with the Debtor was unreasonably small capital.

27. At the time the Voidable Transfers were made, the Debtor, through its officers and directors, intended or believed that the Debtor would incur debts beyond its ability to pay such debts as they matured.

28. By reason of the foregoing, the Voidable Transfers should be avoided and set aside as constructively fraudulent, and the money transferred should be returned to the Debtor's estate, pursuant to Section 548(a)(1)(B) of the Bankruptcy Code.

29. The Trustee is entitled judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Voidable Transfers in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Fraudulent Conveyances made with Intent to Defraud -
11 U.S.C. §§ 544 and 550, and N.Y. Debtor and Creditor Law § 273)

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 29 above, as if fully set forth at length herein.

31. Upon information and belief, during the six year period immediately preceding the Petition Date, the Debtor made transfers of money and/or property to or for the benefit of the Defendant (collectively, the "Six Year Voidable Transfers").

32. Upon information and belief, at the time of each of the Six Year Voidable Transfers, the Debtor was insolvent, or was rendered insolvent by such transfers.

33. At the time of each of the Six Year Voidable Transfers, the Debtor had creditors with unsecured claims allowable under Section 502 of the Bankruptcy Code, and those creditors would have been able to avoid the Six Year Voidable Transfers under applicable state law.

34. The Six Year Voidable Transfers were made without fair consideration to the Debtor.

35. By reason of the foregoing, the Six Year Voidable Transfers were fraudulent as to the Debtor's creditors.

36. By reason of the foregoing, the Six Year Voidable Transfers should be avoided and set aside as fraudulent and the money transferred should be returned to the Debtor's bankruptcy estate pursuant to Section 273 of the New York Debtor and Creditor Law and §544 of the Bankruptcy Code.

37. The Trustee is entitled to a judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Six Year Voidable Transfers, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Fraudulent Conveyances by Persons in Business -
11 U.S.C. §§544 and 550, and N.Y. Debtor and Creditor Law §274)

38. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 37 above, as if fully set forth at length herein.

39. At the time each of the Six Year Voidable Transfers were made, the Debtor was engaged in business for which property remaining in the Debtor's hands after the Six Year Voidable Transfers was an unreasonably small capital.

40. By reason of the foregoing, the Six Year Voidable Transfers were fraudulent as to the Debtor's creditors.

41. By reason of the foregoing, the Six Year Voidable Transfers should be avoided and set aside as fraudulent and the money transferred should be returned to the Debtor's bankruptcy estate pursuant to Section 274 of the New York Debtor and Creditor Law and §544 of the Bankruptcy Code.

42. The Trustee is entitled to a judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Six Year Voidable Transfers, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Fraudulent Conveyances by Persons About to Incur Debts -
11 U.S.C. §§544 and 550, and N.Y. Debtor and Creditor Law §275)

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 above, as if fully set forth at length herein.

44. At the time the Six Year Voidable Transfers were made, the Debtor, through its principal, intended or believed that the Debtor would incur debts beyond its ability to pay such debts as they became due.

45. By reason of the foregoing, the Six Year Voidable Transfers were fraudulent as to the Debtor's creditors.

46. By reason of the foregoing, the Six Year Voidable Transfers should be avoided and set aside as fraudulent and the money transferred should be returned to the Debtor's bankruptcy estate pursuant to Section 275 of the New York Debtor and Creditor Law and §544 of the Bankruptcy Code.

47. The Trustee is entitled to a judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Six Year Voidable Transfers, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Fraudulent Conveyances by Insolvent -
11 U.S.C. §§544 and 550, and N.Y. Debtor and Creditor Law §276)

48. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 47 above, as if fully set forth at length herein.

49. The Debtor, through its principal, Isaac Anzaroot, whether directly or indirectly:

 (a) made the Six Year Voidable Transfers intentionally to the Defendant;

 (b) knew that the Six Year Voidable Transfers would enrich the Defendant to the detriment of the Debtor's creditors;

(c) knew that the Debtor would receive no consideration or equivalent value as a result of parting with the Six Year Voidable Transfers, and knew that by making the Six Year Voidable Transfers, the Debtor was stripping itself of valuable assets;

(d) knew that at the time of the Six Year Voidable Transfers, the Debtor was insolvent or would be rendered insolvent by such transfers; and

(e) intended the consequences of its actions.

50. By reason of the foregoing, the Debtor, through its officers and directors, engaged in the Six Year Voidable Transfers with the actual intent to hinder, delay or defraud the Debtor's creditors.

51. By reason of the foregoing, the Six Year Voidable Transfers should be avoided and set aside as fraudulent and the money transferred should be returned to the Debtor's bankruptcy estate pursuant to Section 276 of the New York Debtor and Creditor Law and §544 of the Bankruptcy Code.

52. The Trustee is entitled to a judgment against the Defendant pursuant to Section 550 of the Bankruptcy Code for the full amount of the Six Year Voidable Transfers, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest, and the costs of this action.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant as follows:

(a) On the First Cause of Action, setting aside the Voidable Transfers as preferential and directing the Defendant to turn over to the Debtor's estate the sum of the

Voidable Transfers, or the equivalent value of such transferred property, in an amount not less than $4,528.65, plus applicable interest;

(b) On the Second Cause of Action, setting aside the Voidable Transfers as fraudulent conveyances and directing the Defendant to turn over to the Debtor's estate an amount equal to such transferred property, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest;

(c) On the Third through Seventh Causes of Action, setting aside the Six Year Voidable Transfers as fraudulent conveyances and directing the Defendant to turn over to the Debtor's estate an amount equal to such transferred property, in an amount to be determined at trial that is not less than $4,528.65, plus applicable interest;

(d) Awarding all attorneys' fees incurred by the Plaintiff in connection with this actions, plus related costs; and

(e) Such other and further relief as this Court deems just.

Dated: New York, New York
      June __, 2005

    **FINKEL GOLDSTEIN**
    **ROSENBLOOM & NASH, LLP**
    Attorneys for the Trustee
    26 Broadway, Suite 711
    New York, New York 10004
    (2121) 344-2929

    By: _____
        J. TED DONOVAN (JTD 1343)

To:   Sam Anzaroot