UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

In re:                                                              Chapter 7

EXECUTIVE CAMERA ENTERPRISES, INC.                                  Case No. 103-18488-353

                                        Debtor.          Hon. Jerome Feller

------------------------------------------------------------------x
PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                                        Plaintiff,

                 - against-                                           Adv. Pro. No. 05-01229

BAY RIDGE AVENUE ELECTRONICS, INC.,

                                        Defendant.
------------------------------------------------------------------x
PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                                        Plaintiff,

                 - against-                                           Adv. Pro. No. 05-01232

SAM ANZAROOT,

                                        Defendant.
------------------------------------------------------------------x
PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                                        Plaintiff,

                 - against-                                           Adv. Pro. No. 05-01233

ALAN ANZAROOT,

                              Defendant.

-------------------------------------------------------------------x

PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                              Plaintiff,

    - against-                                  Adv. Pro. No. 05-01245

MERLENE ANZAROOT.,

                              Defendant.

-------------------------------------------------------------------x

PAUL I. KROHN, as chapter 7 Trustee of the
estate of EXECUTIVE CAMERA ENTERPRISES, INC.

                              Plaintiff,

    - against-                                  Adv. Pro. No. 05-01254

BRIDGEVIEW PHOTO ENTERPRISES, INC.,
ELECTRODEALZ, INC., BRIDGEVIEWPHOTO.COM,
INC., BRIDGEVIEW CORPORATION and
BRIDGEVIEW PHOTO, LLC,

                              Defendant.

-------------------------------------------------------------------x

## MOTION SEEKING APPROVAL OF
## SETTLEMENT PURSUANT TO BANKRUPTCY RULE 9019

      The Motion of Paul I. Krohn (the "Trustee"), as Chapter 7 trustee for the Estate of Executive Camera Enterprises, Inc., by his counsel, Finkel Goldstein Rosenbloom & Nash, LLP, seeking approval pursuant to Federal Rule of Bankruptcy Procedure of a

settlement of the instant adversary proceedings against Defendants Bay Ridge Avenue Electronics, Inc., Sam Anzaroot, Alan Anzaroot, Merlene Anzaroot., Bridgeview Photo Enterprises, Inc., Electrodealz, Inc., Bridgeviewphoto.Com, Inc., Bridgeview Corporation and Bridgeview Photo, LLC (collectively, the "Defendants"), respectfully represents and alleges as follows:

## BACKGROUND

1. On June 26, 2003 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). Upon motion of the United States Trustee, by order dated August 14, 2003 (the "Conversion Date"), this case was converted to a chapter 7 liquidation. Paul I. Krohn was subsequently appointed interim trustee of this estate. Mr. Krohn has since qualified as permanent trustee, and he is currently acting in that capacity.

2. Thereafter, the Trustee commenced a series of adversary proceedings to set aside pre-petition transfers as either preferential or fraudulent, pursuant to Sections 547 and 548 of the Bankruptcy Code.

3. By way of background, the Debtor was a retail store selling cameras and related photographic equipment. At the time of the conversation, the Debtor had little or no inventory, and owed hundreds of thousands of dollars to its suppliers and secured lender.

4. The Trustee retained Bernard Costich, CPA as his accountant, to review the Debtor's books and records. Mr. Costich's analysis revealed that most of the Debtor's books of account had been prepared after the fact, based upon the monthly bank statements, rather than following generally accepted accounting principles. This resulted in numerous transactions being booked improperly, or not at all.

5. In particular, invoices from suppliers found among the Debtor's files were neither reflected in the Debtor's books, nor included in the Debtor's bankruptcy schedules. Further, the merchandise alleged to have been sold to the Debtor as reflected in these invoices did not match the Debtor's own sales records, nor was this inventory accounted for anywhere else in the Debtor's books.

6. Finally, Mr. Costich determined that several other entities in which the principal of the Debtor, Isaac Anzaroot, or members of his family, appeared to have an ownership interest, operated the same type of retail camera sales as the Debtor.

7. Based on this information, the Trustee commenced adversary proceedings against Isaac Anzaroot's mother, father and brother, as well as the business entities named herein[1].

8. Using the "strong arm" provisions of Section 544, the Trustee further sought to set aside any fraudulent transfers made by the Debtor to the Anzaroot family, or

---

[1] Isaac Anzaroot filed a personal Chapter 7 bankruptcy petition, thereby preventing the Trustee from pursuing claims against him outside of that proceeding.

their businesses within the six year statute of limitation period permitted under the New York Debtor and Creditor Law. The Trustee also identified certain repayments of loans to the Anzaroot family members during the year preceding the Petition Date, which the Trustee sought to avoid as preferential transfers under Section 547 of the Bankruptcy Code.

4. The Defendants asserted numerous defenses to the allegations made in the complaints. First, there had been a non-family member who was an officer of the Debtor, and who moved out of the New York metropolitan area shortly after the collapse of the Debtor's business. The Anzaroots alleged that this individual had stolen the missing inventory, and destroyed the relevant corporate records to cover up his actions.

5. Even more importantly, the Anzaroots established that neither they nor the corporate defendants had substantial assets against which any judgment obtained by the Trustee could be enforced. The corporate defendants have ceased operations, abandoned their premises and have neither inventory nor other assets which can be liquidated to satisfy a judgment. Sam Anzaroot is unemployed and living with his parents.

6. Although Alan and Merlene Anzaroot own real property in Brooklyn, they personally guaranteed the Debtor's obligations to its secured lender. A recent lawsuit against Alan and Merlene Anzaroot commenced by the secured lender was recently settled, with the Anzaroots financing the payments through a second mortgage on their residence.

Thus, there is little equity remaining in their primary asset against which the Trustee can enforce any judgment obtained in this action.

7.     The parties have agreed to settle this action for the sum of $110,000, payable in three installments. The first $25,000 has already been received by the Trustee. The next $42,500 is due 30 days after this motion is granted, and the final payment of $42,500 is due 30 days after that. A true and complete copy of the proposed stipulation of settlement is annexed hereto and made a part hereof as Exhibit "A".

### REASONS FOR APPROVAL OF THE SETTLEMENT

8.     Federal Rule of Bankruptcy Procedure 9019 permits a Trustee to settle a pending adversary proceeding, after notice to creditors and an opportunity to be heard. The Bankruptcy Court is authorized to approve compromises and settlements which are deemed fair and equitable and in the best interests of the estate. The standard of review to be applied under Bankruptcy Rule 9019 is whether the settlement falls below the lowest point in the range of reasonableness. *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2nd Cir. 1983), *cert. denied*, 464 U.S. 822, 104 S.Ct. 89 (1983).

9.     It is within the Court's discretion to accept or reject the compromise and settlement. *In re Drexel Burnham Lambert Group*, 134 B.R. 499, 504 (Bankr.S.D.N.Y.1991). In considering proposed settlements, the Court reviews a variety of factors, including:

- (i) The balance between the likelihood of success compared to the present and future benefits offered by the settlement;
- (ii) The prospect of complex and protracted litigation if the settlement is not approved;
- (iii) The proportion of the class members who do not object or who affirmatively support the proposed settlement;
- (iv) The competency and experience of counsel who support settlement;
- (v) The relative benefits to be received by individuals or by groups of the class;
- (vi) The nature and breadth of releases to be obtained by officers and directors; and
- (vii) The extent to which the settlement is the product of arms-length bargaining.

*In re Texaco, Inc.*, 84 B.R. 893, 902 (Bankr. S.D.N.Y. 1988).

10. The Trustee respectfully submits that the proposed settlement easily falls within the proper range of reasonableness. As noted above, this case is being settled for $110,000. This amount reflects the Trustee's concerns both with the cost of further litigation, and the risk of trial.

11. The cost of trying this case is substantial, in that there are numerous documents to be introduced at trial, and preparation of the Trustee's accountant for the trial would result in both professionals billing the estate.

12. Moreover, the Trustee would be subject to the risks of litigation. While the Trustee and his professionals have reviewed the available evidence and believe that the estate's claim is valid, experience shows that there are always difficulties in proving up a case, especially where, as here, the Debtor's records are not orderly, and the Trustee

does not have the cooperation of the principals of the Debtor. Finally, the absent former officer makes an easy target for the Defendants to blame for all of the unexplained losses.

13.     Given these risks, the Trustee believes that a recovery of $110,000 is reasonable under the circumstances and will result in a fair and expeditious resolution of the case.

**WHEREFORE**, Applicant prays for the entry of an Order granting the within motion, and such other and further relief as may be just and proper.

Dated:   New York, New York
         August 23, 2006

**FINKEL GOLDSTEIN
ROSENBLOOM & NASH, LLP**
Counsel to the Trustee
26 Broadway - Suite 711
New York, New York 10004
(212) 344-2929

By: _____
    J. Ted Donovan (JTD 1343)